# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

NORBERTO MANUEL HERNANDEZ,

    Plaintiff,

v.

WILLIAM S. CLAY, SR.

    Defendant.

CIVIL ACTION NO. 3:18-cv-00333

## COMPLAINT

Plaintiff Norberto Manuel Hernandez ("Plaintiff" or "Hernandez") brings this suit against Defendant William S. Clay, Sr. ("Defendant" or "Clay") for fraud and conversion, complaining as follows:

### I. Background.

1. Plaintiff is an individual residing at 148 Lamb Drive, Salisbury, Rowan County, North Carolina.

2. Defendant is an individual currently residing, upon information and belief, at 636 Broken Arrow Cove, McDonough, Henry County, Georgia.

3. Plaintiff formerly rented a home across the street from 4509 Springview Road, Charlotte, Mecklenburg County, North Carolina (the "Property"). Plaintiff was a self-employed individual who was comfortable with certain general contracting and repairs.

4. At all times relevant to this Complaint, there was a home on the Property that was in need of substantial repair. During a conversation at the Property, Clay told Plaintiff that he owned the Property without a mortgage, and that he, Clay, would sell the Property to Plaintiff because the home needed repairs before anyone could live there, and Clay did not have the time or money to complete the repairs.

5. Plaintiff reviewed the property tax records for Mecklenburg County, which stated that Clay owed back taxes on the Property. Clay promised Plaintiff that he would pay the back taxes on the Property, if Plaintiff would be responsible for paying the taxes on the Property from that date forward. Believing that Clay would pay the back taxes on the Property as promised, Plaintiff agreed.

6. On or about April 26, 2016, Plaintiff entered into a contract with Clay entitled "Lease with Purchase Option" (the "Contract"), a copy of which is attached as **Exhibit A**. The total purchase price for the Property under the Contract was $28,000.

7. Pursuant to the terms of the Contract, Plaintiff paid Defendant an initial deposit of $10,000 and four monthly payments of $400 each, for a total of $11,600 paid by Plaintiff to Defendant under the Contract.

8. In the fall of 2016, Plaintiff borrowed funds from friends and family to complete the purchase of the Property. Plaintiff engaged attorney Jorge Gonzales to complete due diligence related to the purchase of the Property.

9. As part of that process, Clay filled out a "Seller(s)/Listing Agent Questionnaire," a copy of which is attached as **Exhibit B,** which stated that Clay owned the Property and that it did not have a mortgage.

10. Following a consultation with attorney Gonzales, Plaintiff learned that the Property was still subject to a mortgage and requested that Clay explain the mortgage before Plaintiff moved forward with the purchase of the Property.

11. Clay responded that he would fix the mortgage, but then stopped responding to Plaintiff. Despite numerous follow-up attempts, he ceased all communications with Plaintiff while retaining Plaintiff's payments of $11,600.

## II. Clay's Fraud on Plaintiff

12. Unbeknownst to Plaintiff, but known to Clay, the Property was encumbered by an $85,000 mortgage on April 26, 2016 (when the parties executed the Contract).

13. Clay had purchased the Property, along with his then-wife, Kesha Clay, on December 27, 2006. A copy of the recorded December 27, 2006 North Carolina Special Warranty Deed is attached as **Exhibit C**.

14. On that same day, Defendant and Kesha Clay gave a Real Estate Deed of Trust to secure up to $85,000, to State Street Title Group, LLC as trustee for the benefit of Omni National Bank (the "Deed of Trust"). A copy of the recorded Deed of Trust is attached as **Exhibit D**.

15. On January 11, 2008, Clay signed a Modification and Extension Agreement, which increased Clay's indebtedness and the amount of the Property secured by the Deed of Trust to $87,976.80 (the "Modification Agreement"). A copy of the recorded Modification Agreement is attached as **Exhibit E**.

16. As of the date of the Contract, the Deed of Trust and Modification Agreement were in full effect and encumbered the Property. Therefore, Clay could not – and knew he would not – provide clear title to the Property for the purchase price set out in the Contract.

17. Moreover, upon information and belief, Clay is in default on the loan that is the subject of the Deed of Trust, and the Property is subject to the possibility of foreclosure.

18. Upon information and belief, moreover, prior to April 26, 2016, Clay had been served with a notice of condemnation by the City of Charlotte, which stated that it had commenced condemnation proceedings against the Property due to multiple, serious code violations that had not been corrected in spite of years of warnings.

19. The Property had at least six liens placed on it by the City of Charlotte due to Clay's failure to maintain it in accordance with code. Copies of the filed liens are attached as **Exhibit F**.

20. On or about August of 2017, the City of Charlotte placed a sign indicating that the city's Code Enforcement Official had deemed the Property unsafe and prohibited entry.

21. As of March 6, 2018, the Property was still in the process of being condemned and demolished by the City of Charlotte, which intended to approve the demolition in June of 2018. Upon information and belief, Clay has not responded to multiple letters from the City of Charlotte requesting that he remediate the code violations in order to stop the demolition of the house on the Property.

22. Upon information and belief, Clay has not paid the back taxes to the City of Charlotte that he promised to pay when entering into the Contract, and had no intention to pay them when Plaintiff paid the deposit.

## COUNT ONE – FRAUD

23. Plaintiff repeats the foregoing as if set out at length.

24. Prior to signing the Contract, Clay falsely informed Plaintiff that (1) he owned the Property without a mortgage; (2) that he would sell Plaintiff the Property for $28,000; and (3) that he would repay back taxes on the Property.

25. Clay also concealed his knowledge that the Property was subject (1) to multiple liens filed by the City of Charlotte and also (2) to condemnation by the City of Charlotte due to multiple code violations and his failure to repair the house on the Property from Plaintiff.

26. Clay's statements and non-disclosures were made with knowledge that they were false and with the understanding that Plaintiff would rely on them when acting on Clay's offer to sell him the Property.

27. Clay's statements and non-disclosures were made with the intent to induce Plaintiff into making payments for the Property, which Clay knew he would not sell to Plaintiff.

28. Clay had no intention of performing under the Contract at the time it was signed.

29. Plaintiff relied on Clay's false statements and non-disclosures by agreeing to enter into the Contract with Clay and paying him $11,600 towards the purchase of the Property.

30. Plaintiff has been damaged by paying $11,600 to Clay, who has failed to return his funds.

## COUNT TWO – NEGLIGENT MISREPRESENTATION

31. Plaintiff repeats the foregoing as if set out at length.

32. In the alternative, Clay's foregoing false statements and wrongful non-disclosures were made without direct knowledge that they were false, but Clay should have known that they were false before entering into the Contract with Plaintiff.

33. Plaintiff relied on Clay's false statements and non-disclosures by agreeing to enter into the Contract with Clay and paying him $11,600 towards the purchase of the Property.

34. Plaintiff has been damaged by paying $11,600 to Clay, who has failed to return his funds.

## COUNT THREE – CONVERSION

35. Plaintiff repeats the foregoing as if set out at length.

36. Plaintiff paid Clay $11,600 towards the purchase of the Property.

37. Clay received the funds, but has not credited those funds towards the purchase of the Property.

38. Clay has not used the funds to pay back taxes on the Property, as promised.

39. Upon information and belief, Clay has used the funds for personal reasons and no longer has Plaintiff's funds.

40. Plaintiff has been damaged by the loss of $11,600 to Clay, who has failed to return his funds.

41. Clay's failure to return Plaintiff's $11,600 is willful and wanton for the reasons set forth above.

WHEREFORE, Plaintiff respectfully requests a trial by jury and seeks the following relief:

a. Actual damages of $11,600;

b. Punitive damages of $69,600;

c. Pre-judgment interest on $11,600 at the statutory rate;

d. Attorneys' fees and costs; and

e. Such other relief as the Court deems right and just.

This 25th day of June, 2018.

/s/ Graham H. Claybrook
Graham H. Claybrook Bar No. 43960
McGuireWoods LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-7147
Facsimile: (704) 343-2300
gclaybrook@mcguirewoods.com
*Attorneys for Plaintiff*